IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:22-cv-00351

| | |
|---|---|
| JESSE SHUTE,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION and METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | **METROPOLITAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel and with the consent of defendant Bank of America, National Association ("Bank of America"), hereby removes this action from the General Court of Justice, Superior Court Division, Mecklenburg County, where the case is currently pending, to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for removal, MetLife states as follows:

**STATE COURT ACTION**

1. This action was commenced on June 3, 2022 in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, titled *Jesse*

*Shute v. Bank of America, National Association and Metropolitan Life Insurance Company*, Case No. 22-CVS-9221 (hereinafter referred to as the "State Court Action").

2. Plaintiff's State Court Action seeks short-term disability benefits ("STD") under the Bank of America Group Benefits Program ("the Plan"), which is an employee welfare benefit plan established and maintained by Bank of America and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. The STD component of the Plan is self-funded by Bank of America. MetLife administered the STD claims during the relevant period of the claim being asserted by the Plaintiff.

3. Plaintiff's State Court Action purports to assert state law claims which are preempted by ERISA.

## PROCEDURAL REQUIREMENTS

4. MetLife has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes the State Court Action to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. §§ 1332 and 1441.

5. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Western District of North Carolina, Charlotte Division, which is part of the

"district and division" embracing the place where this action was filed – Mecklenburg County, North Carolina.

6. <u>Removal Is Timely</u>. Plaintiff served a copy of the Summons and Complaint to MetLife: (a) directly via certified mail, which MetLife received on July 12, 2022, and (b) through its registered agent via overnight mail, on July 13, 2022. Copies of the proof of receipt of service are attached hereto as **Exhibit A**. MetLife has therefore removed the State Court Action within the 30–day time period provided in § 1446(b)(1). *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018).

7. <u>Consent</u>. Bank of America, through its undersigned counsel, consents to the removal of the State Court Action pursuant to 28 U.S.C. § 1446(b)(2)(A).

8. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

9. <u>Pleadings and Process</u>. True and correct copies of all documents in the State Court Action are attached hereto as follows:

- **Exhibit B** – General Civil Action Cover Sheet (Initial Filing);
- **Exhibit C** – Civil Summons;
- **Exhibit D** – Complaint for Wages, Breach of Contract, and Unfair and Deceptive Trade Practices; and
- **Exhibit E** – Notice of Filing Notice of Removal filed with the General Court

of Justice, Superior Court Division, Mecklenburg County, North Carolina.

10. <u>Notice</u>. A copy of this Notice of Removal will be filed with the clerk of the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, as required by 28 U.S.C. § 1446(d).

**STATUTORY REQUIREMENTS – 28 U.S.C. § 1332**

11. <u>This Court has Jurisdiction</u>. This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because Plaintiff's claims arise under and are governed by ERISA. An action brought to recover benefits under an ERISA-governed employee welfare benefit plan presents a federal question and the district courts of the United States have original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1)( and (f).

12. Although the Complaint does not explicitly assert claims under ERISA, it is clear from the allegations in the Complaint that Plaintiff seeks STD benefits which he alleges are due to him under the terms and provisions of the Plan. (Complaint, ¶¶ 7, 22, 24-26.)

13. ERISA completely preempts all state law claims and provides the exclusive federal remedy for resolution of Plaintiff's claims arising under or relating to the Plan. 29 U.S.C. § 1132(a)(1)(B) and 1144; *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

14. Because "Congress has clearly manifested an intent to make causes of

action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] removable to federal court," such claims are removable even when the nature of the claims is not obvious from the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

15. Consequently, this matter is removable under 28 U.S.C. §1441(a) and (b).

16. MetLife is filing concurrently herewith a copy of this Notice with the Clerk of Superior Court, Mecklenburg County, North Carolina, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

17. MetLife is filing concurrently herewith the civil cover sheet and has made payment of the required filing fee.

18. Accordingly, this Court has jurisdiction over this action and should proceed as an action properly removed to it.

19. MetLife submits, and Bank of America consents to, this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

## CONCLUSION

WHEREFORE, Defendant Metropolitan Life Insurance Company respectfully requests the above-captioned action now pending in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, be

5

Case 3:22-cv-00351-RJC-DCK   Document 1   Filed 08/02/22   Page 5 of 7

removed to the United States District Court for the Western District of North Carolina, Charlotte Division, and that the United States District Court for the Western District of North Carolina, Charlotte Division assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted, this the 2nd day of August, 2022.

WOMBLE BOND DICKINSON (US) LLP

*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3632
Facsimile: (336) 726-2227
Email: Sonny.Haynes@wbd-us.com

*Attorneys for Metropolitan Life Insurance Company and Bank of America, N.A.*

# CERTIFICATE OF SERVICE

This is to certify that on August 2, 2022, the undersigned attorney did file the foregoing document using this Court's CM/ECF system, and that she did serve the foregoing document to the following by U.S. Mail, postage prepaid:

Bryan L. Tyson, Esq.
Hannah Auckland, Esq.
Marcellino & Tyson, PLLC
2820 Selwyn Ave., Suite 350
Charlotte, NC 28209
Email: bryan@yourncattorney.com
Email: hauckland@yourncattorney.com

*Attorneys for Plaintiff*

WOMBLE BOND DICKINSON (US) LLP

*/s/ Sonny S. Haynes*
Sonny S. Haynes
N.C. State Bar No. 41303
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3632
Facsimile: (336) 726-2227
Email: Sonny.Haynes@wbd-us.com

*Attorneys for Metropolitan Life Insurance Company and Bank of America, N.A.*

7