# Exhibit D

STATE OF NORTH CAROLINA     FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG    FILE NO. 22CVS9221

2022 JUN -3 P 2:01

MECKLENBURG CO. C.S.C.
BY_____

JESSE SHUTE

    Plaintiff,

    v.

BANK OF AMERICA, NATIONAL
ASSOCIATION and METROPOLITAN
LIFE INSURANCE COMPANY.

    Defendants.

COMPLAINT FOR WAGES, BREACH OF CONTRACT, and UNFAIR AND DECEPTIVE TRADE PRACTICES
(Jury Trial Demanded)

NOW COMES Plaintiff, by and through undersigned counsel, and alleges as follows:

1. This action is brought to recover unpaid wages pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*, and for breach of contract. Plaintiff seeks payment of his wages, liquidated damages, costs, and attorney's fees as authorized by N.C. Gen. Stat. § 95-25.22, and damages incurred as a result of Defendants' breach of contract. Plaintiff also seeks damages for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*

2. This Court has jurisdiction of this matter pursuant to N.C. Gen. Stat. § 7A-243 and § 95-25.22(b).

3. Venue is proper in this Court pursuant to N.C. Gen. Stat. §§ 1-77, 1-79 and 1-82.

PARTIES

4. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

5. Defendant Bank of America, National Association ("Defendant Bank") is a Delaware corporation doing business in the state of North Carolina. Defendant Bank's principal place of business is Charlotte, North Carolina.

6. Defendant Metropolitan Life Insurance Company ("MetLife") is a properly organized business entity doing business in the state of North Carolina.

7. Plaintiff is employed by Defendant Bank as Director. During his employment with Defendant Bank, as part of the compensation provided to Plaintiff for his work,

1

Defendant Bank provided Plaintiff with a short-term disability income benefit plan. The plan is called the "Bank of America Short Term Disability Plan" (hereinafter, "Plan").

8. Defendant MetLife is the claims administrators for the Plan. Defendant MetLife has an obligation to Plaintiff to administer the Plan fairly, and to determine benefits according to the terms of the Plan.

9. The Plan provides benefits if a participant, including Plaintiff, is unable to perform the essential functions of his or her occupation, including working regularly scheduled hours for more than seven consecutive calendar days because of a pregnancy, illness, injury, organ donation, non-elective surgery or hospitalization.

10. The funding medium for the Plan is solely Defendant Bank's general assets. The maximum amount of benefits available to participants under the Plan, including Plaintiff, is 26 weeks of pay.

11. Plaintiff suffers from medical conditions that qualify as illnesses under the terms of the Plan.

12. In March 2020, Plaintiff started experiencing severe health problems on account of the illnesses referenced above, including, but not limited to lack of focus and concentration as well as memory impairment.

13. Due to these medical issues, Plaintiff was unable to perform the essential functions of his occupation from March 2, 2020 through on or about May 27, 2020, when he was forced to return to work.

14. Defendant MetLife is the claims administrator for the Plan. Defendant MetLife acts in this capacity on behalf of Defendant Bank and as its agent in this regard.

15. Defendant MetLife granted Plaintiff short term disability benefits from March 2, 2020 to April 16, 2020, but wrongly denied further benefits even though Plaintiff's disabling conditions continued until May 27, 2020, and Plaintiff continued to receive care and treatment from an eligible health care provider through and beyond May 27, 2020.

16. At all times between March 2, 2020 and May 27, 2020, Plaintiff could not perform the essential functions of his occupation, as detailed herein, as a result of the medical conditions and symptoms from which Plaintiff was suffering, also as detailed herein.

17. At all times between March 2, 2020 and May 27, 2020, Plaintiff received care and treatment for his disability conditions and symptoms from an eligible health care provider, also as detailed herein.

18. Defendant Bank was Plaintiff's "employer" as defined in N.C. Gen. Stat. § 95-25.2(5).

2

19. Plaintiff was, at all times relevant to this Complaint, an "employee" of Defendant Bank, as that term is defined in N.C. Gen. Stat. § 95-25.2(4).

20. Defendant MetLife acts on behalf of and in the interest of Defendant Bank in adjudicating and processing claims of Defendant Bank with respect to the Plan and is therefore an "employer" of Plaintiff as defined in N.C. Gen. Stat. § 95-25(5).

21. Following the terms of the Plan, Plaintiff applied to Defendant MetLife and Defendant Bank to receive wages under the Plan on account of his inability to perform the essential functions of his occupation.

22. However, on or about September 14, 2020, Defendant MetLife denied Plaintiff's ongoing Short Term Disability claim and thereafter failed and refused to pay Plaintiff the wages to which he was entitled under the Plan.

23. Defendant MetLife failed to consider the medical records and notes of Plaintiff's medical providers showing and stating that he was unable to perform the essential functions of his occupation on account of his medical conditions, and that he continued to receive care and treatment from an eligible health care provider.

24. Plaintiff has not received the wages that he was promised under the terms of the Plan.

25. Defendants knew that Plaintiff was entitled to the wages promised to him under the Plan, because, among other things, Plaintiff provided them all the information described above showing that he was unable to perform the essential functions of his occupation and that he continued to receive care and treatment from an eligible health care provider.

26. Defendants have failed and refused to pay Plaintiff the wages he was due as described herein.

## FIRST CAUSE OF ACTION:
## VIOLATIONS OF NORTH CAROLINA WAGE AND HOUR ACT

27. Paragraphs 1-26 of this Complaint are re-alleged and incorporated by reference herein.

28. Defendants' failure to pay Plaintiff wages as described herein constitutes a violation of N.C. Gen. Stat. § 95-25.3, § 95-25.6 and § 95-25.7.

29. Defendants' actions were willful and not based on any reasonable belief of compliance with the law.

30. Plaintiff is entitled to recover his unpaid wages, plus interest, liquidated damages, costs, and attorney's fees, as provided by N.C. Gen. Stat. § 95-25.22.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

31. Paragraphs 1-30 of this Complaint are re-alleged and incorporated by reference herein.

32. The Plan was a contract between Defendants and Plaintiff. Defendants offered Plaintiff his job and, as part of his promised compensation in exchange for the performance of his job duties, promised Plaintiff the Plan. Plaintiff accepted Defendants' offer by accepting his job and performing that job.

33. Defendants' failure to pay Plaintiff his wages constitutes a breach of contract.

34. Plaintiff is entitled to recover damages he incurred in an amount to be determined at trial as a result of Defendants' breach of contract.

## THIRD CAUSE OF ACTION:
## UNFAIR AND DECEPTIVE TRADE PRACTICES (N.C.G.S. § 75-1 *et seq.*)

35. The allegations set forth above in Paragraphs 1 through 34 are restated and incorporated herein by reference

36. Defendants' actions and practices in regard to Plaintiff's claim were in or affecting commerce.

37. Defendants' actions and practices in regard to Plaintiff's claim were unfair, deceptive, unethical, improper, and unlawful, including but not limited to:

    a. Misrepresenting pertinent facts or Plan provisions relating to coverages at issue;

    b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Plan;

    c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Plan; and

    d. Refusing to pay claims without conducting a reasonable investigation based upon all available information.

38. Plaintiff has sustained actual damages as a direct and proximate result of Defendants' unfair or deceptive misconduct, as described herein.

39. As a result of Defendants' unfair or deceptive trade practices, Plaintiff has sustained damages in excess of Twenty-Five Thousand Dollars ($25,000.00), and further is entitled to recover treble damages pursuant to N.C.G.S. § 75-16.

4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following to Plaintiff:

1. A trial by jury on all issues so triable;

2. All wages owed to Plaintiff pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* (an amount in excess of $25,000);

3. Liquidated damage in an amount equal to Plaintiff's wages pursuant to N.C. Gen. Stat. § 95-25.22(a1);

4. Damages in excess of $25,000 for breach of contract;

5. Damages in excess of $25,000 for unfair and deceptive trade practices;

6. Treble damages pursuant to N.C.G.S. § 75-16;

7. Attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d);

8. Attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 or any other legal basis;

9. The costs of this action;

10. Interest as provided by law;

11. Such other and further relief as the court may deem just and proper.

12. Plaintiff seeks no more than $75,000 nor will Plaintiff accept an amount in excess of $75,000 for his claims under this suit.

This the 3rd day of June 2022.

                                                         /s/ Bryan L. Tyson
                                                        Bryan L. Tyson
                                                        N.C. Bar No. 32182
                                                        Hannah Auckland
                                                        N.C. Bar No. 35953
                                                        Attorneys for the Plaintiff
                                                        MARCELLINO & TYSON, PLLC
                                                        2820 Selwyn Ave., Suite 350
                                                        Charlotte, NC 28209
                                                        Telephone: 704-919-1519
                                                        Facsimile: 980-219-7025
                                                        bryan@yourncattorney.com
                                                        hauckland@yourncattorney.com